Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6093 | **DATE** | 9/6/2011 |
| **CASE TITLE** | Owens v. State of Illinois, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's Complaint is dismissed for failure to state a claim upon which relief can be granted. Plaintiff is given 30 days from the date of this Order to refile his Complaint. Plaintiff's motions to proceed *in forma pauperis* and for appointment of counsel are incomplete, and are likewise denied. Plaintiff is given 30 days from the date of this Order to refile his affidavit in support of his motion to proceed *in forma pauperis* and his motion for appointment of counsel. Plaintiff is instructed that he must fully answer all questions on those forms.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Plaintiff, Joseph Owens, brought the instant civil rights lawsuit against the State of Illinois and the federal government. He moves to proceed *in forma pauperis* and for appointment of counsel.

Before ruling on these motions, the Court must screen his complaint to determine if the lawsuit is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Plaintiff's complaint is insufficient to pass muster.

Plaintiff has used the Court's form complaint for civil rights violations, but it is incomplete and difficult to read. Plaintiff references being held in segregation and being injured due to receiving the wrong medication, but it is impossible to tell when and where Plaintiff was incarcerated or what exactly happened to him. Plaintiff's complaint need not be detailed, but as it stands it is insufficient to state a claim for relief.

Further, Owens does not name anyone personally involved in the alleged deprivation of his rights. In order to obtain relief under 42 U.S.C. § 1983, the plaintiff must show a violation of a right protected by the Constitution or federal law that was caused by the conduct of a person acting under color of state law. *Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997). Neither the state nor the federal government is a "person" subject to suit under § 1983, so neither is a proper defendant. *See Tocholke v. Wisconsin*, 413 Fed. App'x 889, 890 (7th Cir. 2011).

Plaintiff's Complaint is dismissed for failure to state a claim, and he is given leave to amend his complaint within 30 days of the date of this order. Additionally, the Court notes that Plaintiff's application to proceed *in forma pauperis* is incomplete. Plaintiff has skipped certain questions (including Question 2, dealing with his employment) and has failed to answer others completely (including Question 4, which indicates that he receives social security benefits, but does not specify in what amount). Additionally, he answered both "yes"

| STATEMENT |
|---|

and "no" to Question 9, regarding whether he or anyone else living in his residence has personal property worth more than $1,000. Finally, Plaintiff failed to sign the affidavit. The Court denies Plaintiff's request to proceed *in forma pauperis*, and gives him 30 days from the date of this Order to submit a complete application.

Plaintiff's motion for appointment of counsel is similarly incomplete and confusing, and is likewise denied. Plaintiff checked three boxes for Question 5, indicating that his highest educational level was either grammar school, some high school, or college. Plaintiff is given 30 days from the date of this Order to submit a complete application. Further, Plaintiff is advised that the Court will not grant a motion for appointment of counsel unless he shows that he has made some efforts to obtain counsel on his own.

Finally, the Court recognizes that Plaintiff may be having trouble understanding or completing these forms, but it cannot provide him with any relief if he cannot clearly convey his complaint. Plaintiff is advised that the Court has a Pro Se Assistance Program, and that appointments can be made either at the Clerk's Office Intake Desk, Dirksen Building, 219 S. Dearborn, 20th floor, or by calling (312) 435-5691.